**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

DAMIAN MILHOUSE,

                                Plaintiff,

                   -against-

THE CITY OF NEW YORK., et al.

                              Defendants.
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/20/2026
```

**24-CV-611 (KHP)**

**PRE-TRIAL SCHEDULING ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

A jury trial has officially been scheduled in this case.  Jury selection will be held on **April 27, 2026 at 10:00 a.m.** with opening arguments to follow promptly thereafter.  Unless otherwise specified by the Court, the trial shall continue day to day from 10:00 a.m. until 5:00 p.m. until the trial's conclusion.  The Court also notes that three days have been allotted for this trial.

       **The Court hereby makes the following provisions for scheduling and trial in this matter:**

1.       Pre-Trial Motions

All motions, including but not limited to motions *in limine* relating to evidentiary issues, must be filed and served no later than **April 6, 2026**, oppositions shall be due by **April 13, 2026,** replies shall be due **April 16, 2026.** This schedule will not be modified unless good cause is shown.

2.       Joint Pre-Trial Statement
Counsel for all parties must confer and must prepare, execute and file with the Court no later than **April 13, 2026**, a single document captioned JOINT PRE-TRIAL STATEMENT, which must include:

       a.           A concise statement of the legal issues to be decided.
       b.           A concise statement of the material facts not in dispute.
       c.           A witness list containing the names, addresses and a brief summary of the testimony of each witness each party will call.  A person not identified on this list may not be called during a party's case in chief.

d.      A final exhibit list in tabular form containing the following information for all exhibits to be offered at trial.  Exhibits not identified on this list may not be offered during a party's case in chief.  The format shall be substantially as illustrated below.

| Exhibit Number or Letter | Description | Objection(s), if any | Status |
|---|---|---|---|
| | | | |

          i.    Plaintiff's exhibits must be identified by numbers (e.g., Plaintiff's Exhibit 1, Plaintiff's Exhibit 2) and Defendant's Exhibits must be identified by letters (e.g., Defendant's Exhibit A, Defendant's Exhibit B).
          ii.   In the "Objection(s)" column of the table, one asterisk should be entered to indicate exhibits to which no party objects on grounds of authenticity, and two asterisks should be entered to indicate exhibits to which no party objects on any ground.  Any objections must be explained briefly, with citation to the relevant Federal Rule of Evidence or other legal authority.
          iii.  The "Status" column should be left blank, for later use by the Court.
          iv.   **The parties are directed to provide the Court a binder containing all trial exhibits, pre-marked, by <u>April 21, 2026</u>.**

e.      A list of the depositions, if any, to be offered at trial, with notation and explanation (including citation to the relevant legal authority) of any objections to the designations.
f.      Stipulations, if any, as to the admissibility of exhibits and depositions.
g.      Each party's estimate of the time required for presentation of its case.

3.    <u>Proposed Voir Dire, Requests to Charge and Verdict Form</u>

a.      By no later than **April 13, 2026**:

          i.    Each party must serve on each other party and file with the Court its proposed *voir dire* and verdict form.  Prior to service and filing of the proposed *voir dire* and verdict form, counsel must provide copies to opposing counsel for inspection and noting of objection; and
          ii.   The parties must file a single document captioned JOINT REQUESTS TO CHARGE, which must include the full text of all of their proposed jury instructions, with source citations.  If the parties are not in agreement on a particular charge, the disputed language must be highlighted and any counterproposal(s) presented together with the disputed section.

2

Disputed language must be accompanied by a brief explanation of the objection(s), with citations to the relevant legal authority.

4.    Status Letter

The parties shall submit a joint status letter by **January 28, 2026** informing the Court on whether there is any possibility of settlement and, if so, whether the parties would like to schedule a settlement conference.

5.    Final Pre-Trial Conference

**The parties are directed to attend the final pretrial conference scheduled for Tuesday April 21, 2026 at 2:00 p.m.** in courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, New York**.**  The purpose of the conference is to review the issues to be tried and the proof to be offered in connection therewith, and to resolve any remaining pre-trial issues.  The counsel who plan to try the case must appear at the conference.

6.    Trial Procedures

Counsel should be available every day at 9:30 a.m. (except for the first day of trial) in order to discuss with the Court any legal or evidentiary issues expected to arise during the day.

Testimony will generally be taken between 10:00 a.m. and 5:00 p.m.  There will be a mid-morning, a mid-afternoon, and a lunch break from 1:00 to 2:00 p.m.

Sidebars during jury trials are discouraged. Counsel are expected to anticipate any problems that might require a ruling from the Court and to raise those issues with the Court in advance of the time that the jury will be hearing the evidence.

7.    No Adjournment of Deadlines

The deadlines set forth in this Pre-Trial Scheduling Order will not be adjourned except in the Court's discretion upon good cause as shown in a written application signed by counsel, stating whether the other party consents, and served upon all parties.  "Good cause," as used in this paragraph, does not include circumstances within the control of counsel or the client.

3

8.    <u>Non-Compliance with This Order</u>

In the event that any party fails to comply with this Pre-Trial Scheduling Order, or is not prepared to go forward with trial on the date scheduled, the Court may impose sanctions or take other action as appropriate.  Such sanctions and action may include assessing costs and attorney's fees, precluding evidence or defenses, dismissing the action, granting judgment by default, and/or other appropriate penalties. In particular, the parties are advised that the Court may, without further hearing, render judgment in favor of the adverse party if a party is not prepared to proceed to trial by April 27, 2026.

**The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 70.**

**SO ORDERED.**

DATED:        New York, New York
              January 20, 2026

_____
KATHARINE H. PARKER
United States Magistrate Judge